WISCONSIN EMPLOYMENT·RELATIONS BOARD, Respondent, vs. JOURNEYMEN BARBERS, HAIRDRESSERS, COSMETOLOGISTS & PROPRIETORS INTERNATIONAL UNION OF AMERICA and others, Appellants.*

*January 11—February 7, 1956.*

* Motion for rehearing denied, with $25 costs, on April 3, 1956.

For the appellants there was a brief by *Warne, Duffy & Dewane* of Green Bay, and oral argument by *Lloyd O. Warne.*

For the respondent there was a brief by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

For the complainant Archie McMaster there was a brief by *Welsh, Trowbridge, Wilmer & Bills,* and oral argument by *Lloyd J. Planert,* all of Green Bay.

CURRIE, J.   The issue with respect to those portions of the W. E. R. B. order, and of the enforcing judgment of the circuit court, which deal with the union-shop card is ruled by *Wisconsin E. R. Board v. Journeymen Barbers,* ante, p. 84, 74 N. W. (2d) 815. However, unlike in that case, we have here a specific finding by W. E. R. B. that the employee Device quit his employment with McMaster because of the provision in the constitution of the barbers union, which subjected him to suspension and penalties if he continued to work in a barbershop where the union-shop card was not displayed. Inasmuch as there is credible evidence to sustain such finding, a court on review cannot disturb the same.

It would appear to be clear that any enforcement of such provision in the union's constitution under the facts of the

instant case would constitute coercion exercised against the employer McMaster to compel him to rejoin Guild No. 27. Such coercion constitutes a violation of sec. 111.06 (2) (m), Stats. No constitutional question of freedom of speech is involved as to such issue. In fact, counsel for the defendants conceded in the oral argument that such provision of the union constitution (sec. 3, art. VII) would violate this statute, and stated that because of this the union was not attempting to enforce it in Wisconsin.

We conclude that the portion of the W. E. R. B. order, which restrained the defendants from enforcing the provisions of sec. 3, art. VII of its constitution, is supported by the findings and was properly entered. Therefore, that part of the judgment enforcing the same must be affirmed. Such provision of the judgment so affirmed adjudges that the defendants cease and desist from "enforcing or attempting to enforce any provisions of the constitution governing the affairs of Journeymen Barbers, Hairdressers, Cosmetologists & Proprietors International Union of America, Local Union No. 115, Journeymen Barbers, Hairdressers, Cosmetologists & Proprietors International Union of America, and Local Guild No. 27, Journeymen Barbers, Hairdressers, Cosmetologists & Proprietors International Union of America, providing for the suspension and of the imposition of penalties against any members of said labor organization who seek employment with, or who are now employed by Archie McMaster."

*By the Court.*—That portion of the judgment described in the last sentence of the opinion is affirmed; all the remaining portions of the judgment, except the preliminary recitals, are reversed; and the cause is remanded with directions to enter a judgment in the action for review instituted by the defendants setting aside all portions of the W. E. R. B. order dated October 29, 1954, which are inconsistent with the opinion and this mandate.